McQUADE v. THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY.

Default: ON AMENDMENT TO PETITION: SETTING ASIDE: DISCRETION. Where there has been a general denial in answer to a petition, and an amendment to the petition is afterwards filed which does not change the issue, and a default, without judgment, is entered on the amendment for want of answer, such default is error, and the court may very properly set it aside on motion; and this court will not interfere with the discretion of the trial court in such case, especially where, after a trial on the merits, the issues are found for the defendant. (*Palmer v. Rogers*, 70 Iowa, 381, *distinguished*.)

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

FILED, MAY 28, 1889.

ACTION at law for the recovery of double the value of a horse alleged to have been killed by a train on defendant's railroad. There was a trial upon the merits, and a judgment for the defendant for costs. Plaintiff appeals.

*Parsons & Dolan*, for appellant.

*Craig, McCrary & Craig* and *T. S. Right*, for appellees.

ROTHROCK, J.—The plaintiff does not complain that the court erred in any ruling made in the trial of the cause on its merits. His claim for a reversal of the judgment is that the court erred in sustaining a motion of the defendant to set aside a default allowed upon an amendment to the petition. The facts in connection therewith are as follows: The original petition averred, in substance, that the defendant negligently permitted a gate at a private crossing to remain open for a long time, and that plaintiff's horse entered upon the railroad track through said open gate, and was killed by a train, "the fence being then and there defective." There was an answer filed to this petition, the said answer being a general denial. Afterwards the plaintiff filed a second count to the petition, by which recovery was sought for killing the same animal, and the negligence complained of was "neglect and failure to keep and maintain a lawful fence at or near where the mare was killed." A few days after this amendment was filed the plaintiff's counsel appeared in court in the absence of the defendant's counsel, and demanded a default for want of an answer to the amendment to the petition. A default was entered, but no judgment rendered thereon. Some five days after the default was entered the defendant appeared, and filed a motion to set aside the default. We do not think it necessary to set out nor discuss the merits of the motion, nor of the excuse by defendant for not answering the amendment to the petition. It is

apparent on the face of the pleadings on file, and the showing made to set aside the default, that the court did not abuse its discretion in making the ruling complained of. Courts should favor the trial of causes upon their merits, and it would require an exceedingly strong and conclusive showing of abuse of discretion to authorize this court to interfere, where, as in this case, it appears from the result of the trial upon the merits that the plaintiff had no valid cause of action against the defendant. It would be a remarkable proceeding to now reverse and remand this cause, with directions to vacate the order setting aside the default, and render a judgment for the plaintiff.　　　　　　　　　　AFFIRMED.

### SUPPLEMENTAL OPINION.

#### [FILED, OCTOBER 28, 1889.]

ROTHROCK, J.—The plaintiff, in a petition for rehearing, insists that the foregoing opinion is inconsistent with the opinion of this court in the case of *Palmer v. Rogers*, 70 Iowa, 381. In that case it appeared that a judgment was rendered for the plaintiff upon a default. The court set aside the default and judgment upon an insufficient showing of merits. This was held to be error. It is true that in that case, as in this, there was a trial after the default was set aside, which trial resulted in a judgment for the defendant; but in the case at bar no judgment was rendered on the default. We do not determine in the foregoing opinion that an erroneous ruling upon a motion to set aside a default and judgment may not be error, even when, upon a trial, there was a judgment for the defendant. We repeat what is said in the opinion, that "it is apparent on the face of the pleadings on file, and the showing made to set aside the default, that the court did not abuse its discretion in making the ruling complained of;" and the statement of the facts in the opinion shows that no default should have been entered, because the amendment to the petition upon which the default was entered did not change the issue. This was thought to be so

plain that no elaboration was necessary. The reference to the result of the trial upon the merits was an additional reason for holding that the court did not abuse its discretion. The petition for a rehearing will be

OVERRULED.