TAMA WATER POWER COMPANY, Appellant, v. JOHN RAMSDELL *et al.*, Appellees.

|  |  |
|---|---|
| 90 | 747 |
| 100 | 722 |

PROMISSORY NOTE: SIGNATURE: CONSTRUCTION.

*Appeal from Tama District Court.*—HON. C. A. BISHOP, Judge.

THURSDAY, MAY 19, 1892.

ACTION upon three promissory notes. There was a demurrer to the petition, which was sustained, and the petition was dismissed. Plaintiff appeals.

*W. H. Stivers* and *J. W. Willett* for appellant.

*Struble & Stiger* for appellees.

ROTHROCK, J.—I. This cause was submitted to this court upon the arguments made in the case of *Day v. Ramsdell*, ante, p. 731. Counsel concede that the two cases involve the same questions. There is an abstract in this case which shows that two of the notes in suit are in the same form as the notes in the other case. The note for six hundred and fifty-nine dollars and thirty-three cents, dated March 30, 1885, is not in the same form. The word "we" is not in that note. So that it appears to be an undertaking that the Tama Water Power Company would pay the amount

named in the note. This variance may be an error in the abstract. However that may be, the defendants will not be prejudiced in the further progress of this case.

II. There is another difference in the notes, in this: There was the impression of a seal upon each of the notes in this case, with the words, "Tama Paper Co., Tama City, Iowa," thereon. In the absence of an averment in the petition that the Tama Paper Company was a corporation having a seal, we do not think that the impression of said words upon the notes would control the rights of the parties. What effect this would have, if it should be shown that the Tama Paper Company was a corporation, we do not determine.

The judgment of the district court is REVERSED.

KINNE, J., having been of counsel, took no part in the decision of this case.

OPINION ON REHEARING.

TUESDAY, JANUARY 23, 1894.

ROBINSON, J.—A rehearing was granted in this case, and in the case of *Day v. Ramsdell*, 57 N. W. Rep. 630, (decided during the present term of court), at the same time. What we have said in the opinion on rehearing in that case is applicable to this, and need not be repeated. The impression of the official seal of the Tama Paper Company on the notes involved in this action does not show that the notes are not the personal obligations of the defendants, in view of the averments of the petition that they made the notes to the plaintiff. In the first division of the former opinion, in refering to the form of one of the notes in suit, we inadvertently used the name of the plaintiff. As is evident, we intended to designate the Tama Paper Company. We conclude that our former opinion should be adhered to, and the judment of the district court is therefore REVERSED.

GRANGER, C. J.—I adhere to the views expressed in the dissenting opinion in *Matthews v. Mattress Co.*, 87 Iowa, 246.

KINNE, J., took no part in the determination of this cause.