THE CAPITAL SAVINGS BANK & TRUST COMPANY, Appellant, v. F. C. SWAN.

**Notice to Officers of Corporations:** SETTING ASIDE PERSONAL JUDGMENT AGAINST OFFICER. It is not an abuse of discretion to open a default judgment against S. on a note intended to be that of a corporation of which he was secretary, but which, on its face, through the omission of the word "by" before his name, was the joint note of himself and the corporation, though notice of the action was served on him as well as on the corporation; he having turned it over to the president, not noticing that a personal claim was made on him, and supposing that it related only to the corporation.

**Notice to Purchaser of Note:** SIGNATURE BY OFFICER OF CORPORATION. A purchaser of a note signed in the name of a corporation by "W. E. H., president, F. C. S., secretary and treasurer" is sufficient to put a purchaser of a note on inquiry as to whether the secretary intended to personally bind himself, thereon.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

WEDNESDAY, JANUARY 27, 1897.

ACTION in equity to recover the amount due on a promissory note, and for the foreclosure of a mortgage given to secure its payment.  Judgment was rendered by default against the defendant, F. C. Swan.  The judgment and default were set aside on his application, and he filed an answer, to which the plaintiff demurred, and the demurrer was overruled.  The plaintiff elected to stand upon its demurrer, and

judgment was rendered in favor of Swan for costs, and the plaintiff appeals.—*Affirmed.*

*Lohr, Gardiner & Lohr* for appellant.

*Geo. M. Pardoe* for appellee.

ROBINSON, J.—The plaintiff is the owner of a promissory note, of which the following is a copy: "$800.00. Sioux City, Iowa, November 10th, 1891. On or before five years after date, we promise to pay to the order of W. E. Higman eight hundred dollars at our office in Sioux City, value received, with interest at eight per cent. after maturity. If this note is not paid at maturity, the undersigned agree to pay reasonable expenses of collection, including attorney's fees. Merchants Loan & Trust Company, Sioux City, Iowa, by W. E. Higman, President. F. C. Swan, Sec'y & Treas." The mortgage given to secure this note was on a lot in Sioux City, and was signed in substantially the same manner, and by the same persons, as was the note. The mortgage was duly recorded. In November, 1892, the payee of the note transferred it to the plaintiff by an indorsement thereon in words as follows: "Protest waived. W. E. Higman,"—and at the same time assigned to the plaintiff the mortgage. That provided that, in case of default in the payment of interest due on the note, the whole indebtedness should become due. Interest due on the tenth day of November, 1893 not having been paid, this action was commenced to recover the entire amount of the note, and to foreclose the mortgage. Notice of the action was served on the Merchants Loan & Trust Company, on Higman, and on Swan. The notice to Swan was served on the third day of August, 1894, and contained the following: "You are hereby notified that on or before the 17th day of

August, 1894, a petition will be filed by said plaintiff,
* * * claiming of you the sum of nine hundred
ten and 10-100 dollars * * * on your promissory note
in writing for $800.00, dated Nov. 10th, 1891, and due
Nov. 10th, 1896, said note having become due because
of default in payment of interest, ' * * * and that,
unless you appear thereto and defend before noon of
the second day of the next term of said court, * * *
commencing on Monday, the 27th day of August, 1894,
default will be entered against you, and judgment
rendered thereon." The petition was on file in due
time. On the thirty-first day of August, 1894, Swan
having failed to appear, his default was entered, and
judgment rendered against him for the amount claimed
in the petition. On the eighth day of October, 1894,
he filed a motion to set aside the judgment and default,
supported by the affidavits of himself and Higman,
and accompanied by an answer to the petition. The
affidavits show the following facts: When Swan
was made secretary and treasurer of the Merchants
Loan & Trust Company, he was an employe of
Higman, who was president of the company.
His duties as said employe had no connection with the
company, except to require him to sign papers
when directed to do so by the proper officers, and he
did not receive any salary as secretary and treasurer.
It was always understood between himself and Higman
that the latter should always attend to all the bus-
iness of the company, and that Swan need not devote
any time or attention to it. Numerous papers in
relation to the company had been served on
Swan before the original notice in this case was served,
and had been attended to by Higman. When the
note and mortgage in suit was signed, Swan was but
twenty-two years of age, was unacquainted with legal
business, and supposed that he was signing them only
as secretary and treasurer of the company, and did

not intend to make himself personally responsible for anything. He supposed that the word "by," placed before Higman's name, referred to him as well as to Higman, and had no personal interest in the transaction. When the notice was served on him, he saw that it related to the company, and, supposing that Higman would attend to the matter, did not give it any further thought. He was busy at the time, and did not notice that a personal claim was made upon him. Higman states that he wrote the word "by" before his signature, and intended that it should refer to the secretary and treasurer as well as to himself. The mortgage recites that it is to secure a promissory note of the Merchants Loan & Trust Company. The youth of Swan, and the fact that he was not acquainted with legal business, would not, alone, excuse his failure to appear to the action at the appointed time and protect his interests. But it is clear, that he had no personal interest in the transaction in which the note and mortgage were given, and that neither he, nor the payee of the note and beneficiary of the mortgage, had any intention to bind him personally by the note and mortgage. The failure to indicate clearly that Swan signed the instruments only as an officer, to obligate the company, was the result of a mutual mistake. Therefore, the original notice, in fact, related only to the liability of the company, and the duties of Swan and the course of practice which Higman theretofore followed in similar cases, were of such a character that Swan may naturally have concluded, without a careful inspection of the papers, that there was no occasion for him to give any further attention to the matter, to protect himself from a liability which he did not know existed. Although the showing to excuse the default is not wholly satisfactory, yet it is the policy of the law to dispose of cases upon their

merits, and a large discretion is vested in the district courts in the matter of granting new trials. *McQuade v. Railway Co.*, 78 Iowa, 688 (42 N. W. Rep. 520), and (43 N. W. Rep. 615); *Marsh v. Colony*, 36 Iowa, 603; *McNulty v. Everett*, 17 Iowa, 581; *Rogers v. Cummings*, 11 Iowa, 459. We cannot say that the district court abused its discretion in setting aside the judgment and default, and granting a new trial in this case.

II.   It is next urged that the district court erred in overruling the demurrer to the answer. That sets out the facts in regard to the signing of the note and mortgage which were recited in the affidavits, and avers that, if the note binds Swan individually, it was so made in consequence of a mutual mistake on his part and on the part of the payee. A reformation of the note by prefixing the words "and by" to the signature of Swan is asked. It may be conceded, for the purposes of this appeal, that the form of Swan's signature is such that, according to the rule adopted by this court in numerous cases, it bound him personally, and not the company. See *Wing v. Glick*, 56 Iowa, 473 (9 N. W. Rep. 384); *Heffner v. Brownell*, 70 Iowa, 591 (31 N. W. Rep. 947); Id., 75 Iowa, 341 (39 N. W. Rep. 640); *McCandless v. Canning Co.*, 78 Iowa, 161 (42 N. W. Rep. 635); *Lee v. Percival*, 85 Iowa, 639 (52 N. W. Rep. 543); *Day v. Ramsdell*, 90 Iowa, 731 (52 N. W. Rep. 208), and (57 N. W. Rep. 630); *Water Power Co. v. Ramsdell*, 90 Iowa, 747 (52 N. W. Rep. 209,) and (57 N. W. Rep. 631); *Matthews v. Mattress Co.*, 87 Iowa, 246 (54 N. W. Rep. 225). But a court of equity will, in a proper case, correct a mistake in such a signature. *Lee v. Percival* and *Matthews v. Mattress Co.*, *supra*. And we are of the the opinion that the facts shown by the answer in this case are sufficient to authorize a reformation of the note, as between the defendant and the payee. It is said, however, that the plaintiff is an innocent purchaser of the

note before maturity, for value, and, therefore, that the defendant is not entitled to a reformation as against it. If the plaintiff took the note without actual knowledge of the alleged mistake, and without notice of any fact which would have been sufficient to put a reasonably prudent person upon inquiry, it may be conceded that Swan is not entitled to a reformation of the note. But we are of the opinion that the plaintiff had notice of such a fact when the note was purchased. The form of the signature to the note is unusual, and well calculated to suggest the fact that the defendant may have intended to sign the note in an official capacity only. The name of the company is affixed at length, as by the president of the company. That is followed by the name of the defendant, to which are attached words which indicate his official title. It is true, those words, as used, merely describe the person, without making the signature to which they are appended official; yet such words are most commonly used, with signatures, to indicate an official act; and there is nothing in the note in suit which makes the words in question at all necessary, or even appropriate, to indicate a mere personal liability. Words of a like character are so frequently used, with a signature, to designate an official act, and are so rarely used in that manner for any other purpose, that when they are attached to a signature they are well calculated to suggest that the signature was intended to be official, and not merely to describe the signer. See *Metcalf v. Williams*, 104 U. S. 93.

We conclude that the facts set out in the answer entitle the defendant to a reformation of the note in suit, and that the demurrer was properly overruled. The judgment of the district court is therefore AFFIRMED.