PEORIA STEAM MARBLE WORKS, Appellant, v. JAMES HICKEY.

**Receivers: POWER TO MAKE NOTES.** A receiver, authorized to make purchases of stock, has no implied authority to execute notes therefor, and will be individually liable on notes so executed, 1 though the payee takes them knowing them to have been executed in the receiver's representative capacity, under a mistaken belief that the receiver had authority to execute them as such.

**RATIFICATION BY COURT.** A court's order confirming a receiver's report showing liabilities against the fund in his hands, but not 3 referring to notes executed therefor, is not a ratification of the receiver's unauthorized act in executing the notes.

**JURISDICTION OF COURTS OVER:** *Reformation.* Where one court appoints a receiver, but does not authorize him to execute notes, 2 another court had no jurisdiction to reform notes executed by him so as to bind him in his representative capacity only.

GIVEN, J., dissenting.

*Appeal from Lee District Court.*—HON. HENRY BANK, Judge.

SATURDAY, JANUARY 20, 1900.

ACTION at law on promissory notes signed, "Jas. Hickey, Receiver." Defendant admitted signing the notes, but pleaded that he executed them as receiver, with the

knowledge of plaintiff. He also pleaded mutual mistake, and asked that the contracts be reformed so as to show that he executed them as receiver, and not in his individual capacity; that he had authority from the court appointing him to make the contracts; and that plaintiff accepted them as obligations of the receiver, and was fully aware that they were intended to be executed in a representative capacity. Some other issues were tendered that, so far as necessary, will be referred to in the body of the opinion. The case was transferred to equity, and the court entered an order finding mistake, ordering reformation, and adjudging that defendant is not personally liable. Plaintiff appeals.—*Reversed.*

*W. J. Roberts* for appellant.

*Jas. Harrington* and *Jas. C. Davis* for appellee.

DEEMER, J.—The superior court of the city of Keokuk appointed defendant as receiver of a stock of granite and marble owned by one John T. Crotty, and in the order appointing him directed that he dispose of the same in the usual course of trade, subject to the orders of the court. The order further continues: "Said receiver is further empowered to take from the defendant, John T. Crotty, the orders for tombstones and monuments now in his hands, and to fill same, if in his discretion he shall see fit to do so. Said receiver is authorized to make such purchases of material and stock during the conduct of said business as he shall deem best. Said receiver shall at once make an inventory of the stock on hand, and the contracts which shall come into his hands from the defendant, John T. Crotty." Defendant relies on this as his authority for executing the notes in suit. The order was entered on February 23, 1893, and the notes were not executed until the fall of the year 1896 and the early spring of 1897. At the time these notes were executed, the necessity for the receivership had practically ceased, but defendant still continued to act in that

capacity, and made the notes for goods sold and delivered by the plaintiff.

Had defendant authority to make the notes as receiver? As receiver, he had no such authority. General authority to an agent to transact business does not invest him with power to make his principal a party to negotiable paper. *Whiting v. Stage Co.,* 20 Iowa, 554. This is a general rule applicable to all agents. See Mechem Agency, section 391; *Paige v. Stone,* 10 Metc. (Mass.) 160; *Rossiter v. Rossiter,* 8 Wend. 494; *Temple v. Pomroy,* 4 Gray, 128. The only exception arises where, by necessary implication, the duties to be performed cannot be discharged without the exercise of such power. The order does not give the receiver express power to execute promissory notes, and we do not think he had implied power, for the reason that the duties imposed upon him could as well be exercised without such authority as with it.

But it is said that both parties intended to bind the defendant as receiver, and not individually, and that the contract should be reformed to express the true agreement. Granting, for the purpose of the case, that that was the intent of the parties, yet it also appears that plaintiff intended to hold some one by the notes, and that it fully understood defendant had authority to act as receiver. As a general rule, equity will reform contracts entered into through mistake, so as to make them express the true agreement, and such reformation will be granted, although the mistake was purely of law. *Lee v. Percival,* 85 Iowa, 639; *Smith v. Watson,* 88 Iowa, 79; *Trust Co. v. Swan,* 100 Iowa, 722; *Williams v. Hamilton,* 104 Iowa, 428. These authorities, and others that might be cited, also hold that a note signed by one as agent will be reformed so as to make it the obligation of the principal. To this rule there are some exceptions growing out of the capacity in which the agent assumes to act. For instance, an executor or administrator cannot, in the absence of authority given by the will of

decedent, or by statute, make an executory contract binding on the estate he represents. If he assumes to make such contract on a new and independent consideration, it is his personal obligation, and he will be bound thereby, although the debt was incurred for the benefit of the estate. *Dunne v. Deery,* 40 Iowa, 251; *Livermore v. Rand,* 26 N. H. 85; Woerner Administrators, section 356; *Winter v. Hite,* 3 Iowa, 142; *Thilmany v. Paper-Bag Co.* 108 Iowa, 357. This same rule applies to contracts made by guardians (9 Am. & Eng. Enc. Law, 112; *Sperry v. Fanning,* 80 Ill. 371; *Rollins v. Marsh,* 128 Mass. 116; and by trustees (Perry Trusts, 4th ed.), section 437a; *Duvall v. Craig,* 2 Wheat. 45, 4 L. Ed. 180; *Gill v. Carmine,* 55 Md. 339). Another general rule is that when an agent contracts without authority, or assumes to have authority when he has none, or for any reason fails to bind his principal, he is himself bound. To this rule there are also some exceptions which are referred to at length in the *Thilmany Case, supra.* This case does not come within any of the exceptions there stated. Referring to the *Winter-Hite Case,* it is there said that contracts with executors, etc., should not be confounded with those entered into by agents. The plain reason for this distinction is that there is no principal to be bound. A trustee, guardian, or executor is not the agent or hand of the court concerning those contracts that he has no authority to make, but acts on his own responsibility, and is individually liable to perform them. In such cases, there is no contract to reform. If it is not the contract of the individual, it is no contract, and, instead of being reformation, there is cancellation.

Do the rules applicable to executors, administrators, and guardians obtain in interpreting contracts made by receivers? We think they do. *"De similibus idem est judicium."* As the receiver had no authority to execute the notes in suit, he had no principal against whom plaintiff might maintain an action, and, unless he is bound, no one

is responsible. If the debt was properly incurred, he will be allowed the amount paid out on his accounting. Plaintiff's right of action, if it has any, is on the defendant's promise. Like the executor, the assignee, the guardian, and the administrator, he has no responsible principal behind him for whom he may promise, and he alone is liable on the contract. *Vilas v. Page,* 106 N. Y. 451 (13 N. E. Rep. 743); *Meyer v. Lexow,* 37 N. Y. Supp. 67; *Rogers v. Wendell,* 7 N. Y. Supp. 781, and authorities cited.

The district court had no authority over defendant as receiver, and could not charge the fund which he held. He was appointed by the superior court; that alone had jurisdiction of the fund in his hand. As that court had not authorized him to make the contract, there was no contract with the receiver as such, and the effect of the decree entered by the trial court was to cancel the notes in suit. That was not what the defendant asked, and such relief is unwarranted, both in law and in equity.

Cases holding an agent liable who contracts without authority are numerous, and, almost without exception, the rule is that, if an executor, assignee, trustee, administrator, guardian, or receiver, enters into an executory contract on a new and independent consideration, he is personally bound thereby, although he may have intended to bind the estate or fund in his hands. The law denies the authority of such person, and in this respect the case differs from one of pure agency. That distinction was made plain in the early case of *Winter v. Hile, supra.* As he had no authority to bind any person but himself, the notes are his, and he cannot have them reformed. That the parties may have intended to bind the funds in the hands of the receiver is not controlling. Under the facts disclosed, his contract is personal, and no reformation can be had; for, if there was no responsible principal, there can be no reformed contract.

But it is said that the superior court ratified the giving of the notes, and that this ratification amounted to previous

authority. · This argument is evidently based on a misapprehension.   True, the receiver made a report showing the liabilities existing against the funds in his hands, but no reference is made to the notes in suit, · and no statement is to be found therein showing that he executed the notes in suit after his appointment as receiver. Without full knowledge of the facts, there can be no ratification.    This rule is elemental, and needs no citation of authorities to support it.  It is important that we distinguish cases such as this from cases where there is a responsible principal that has authority to act under certain circumstances.

Appellee relies on adjudications from other states that with one exception are found to relate to a state of facts where there was a responsible principal, but both parties were mistaken as to his actual authority.   The exceptional case we do not think is sound, and we decline to follow it.

That the parties intended to make binding contracts there can be no doubt.   To hold the defendant individually responsible is to follow the law as it is written, and the result is one they are conclusively presumed to have apprehended.   Defendant may charge the funds for the amount recovered against him if the contracts were of benefit to the estate or funds in his hands.   If he has distributed the funds without taking into account the notes in suit, it is a mistake from which the law will not relieve him.   On the whole, the result that follows seems to be equitable, in view of the facts disclosed by the record, and we have no doubt that the proper application of legal principles accords with the equities of the case.   Plaintiff should have judgment for the amount of the notes in suit.—Reversed.

Granger, C. J., not sitting.

Given, J. (dissenting).—I do not concur in the conclusion of the majority, and my reasons, briefly stated, are these:  The receiver had authority to carry on the business,

and to purchase material and stock; therefore I think he might incur an indebtedness for what he purchased, and execute his notes as receiver to evidence that indebtedness. The conclusion of the majority is based upon the finding that he had no authority to execute the notes as receiver, and in this I think the majority are in error. After stating the general rule as to agents executing negotiable paper, it is said: "The only exception arises where, by necessary implication, the duties to be performed cannot be discharged without the exercise of such power." I think this case is within the exception. While the receiver acts in a representative capacity, he does so in a different sense from that of agents. He is an officer of the court, and does not act for a principal in the sense that agents do, but for the court, the creditors, and the debtor; therefore the rules applicable to agents are not controlling in determining the scope of his authority. That plaintiff dealt with defendant as receiver cannot be doubted. They joined in asking the appointment, received payment of existing debts from him as receiver, and sold him material as such, and received pay therefor from him as receiver, and knew he was acting as such, when the goods were sold to him and when the notes in suit were taken. It is equally clear that the defendant intended to give, and the plaintiff to receive, these notes as his notes as receiver, and that by mutual mistake as to what was required they were not signed by him as receiver. It is said that the district court had no authority over defendant as receiver. Concede it, but it was not asked to, and did not assume to, exercise such authority. It was asked to charge defendant individually on the notes, and it said, "No." That court found that, by mistake, the notes were not executed, as intended, by James Hickey as receiver, and therefore reformed the notes according to the fact, and held that James Hickey was not personally liable thereon. I do not believe that technical rules as to agents should be allowed

to prevent a court of equity from enforcing, between these parties, just what they intended should be the relations and obligations to each other.