AUGUSTA MEYER, Defendant in Error, *vs.* FREDERICK C. MEYER, Plaintiff in Error.

*Opinion filed October 26, 1912.*

1. DEFAULT—*when new process is not necessary after amendment of bill.* No new process is necessary where a bill is amended after the order for default is entered, provided the amendment is purely formal or immaterial, and in such case the court may proceed as though no amendment had been made.

2. SAME—*when an amendment of a divorce bill is immaterial.* Where a bill is for divorce, alimony and an injunction to prevent the defendant from interfering with the complainant's business, and there is no issue as to any dispute between the parties as to the ownership of real estate, an amendment, after default, which merely avers that complainant is the owner of a one-half interest in certain described real estate is immaterial and should be disregarded by the court in entering the decree.

3. DIVORCE—*what provision of a divorce decree is erroneous.* Where, after default in a suit for divorce, an immaterial amendment is made which avers the complainant's ownership of certain property about which it is not claimed by the bill there is any controversy, the court, in entering the decree for divorce, should not make a finding that the complainant is the owner of the property and that the defendant be divested of all interest therein; but such finding does not invalidate the provision of the decree granting the divorce.

DUNN, C. J., and CARTWRIGHT, J., dissenting.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

CHARLES S. McNETT, for plaintiff in error.

MICHAEL LYONS, and WILLIAM ANNAN TAYLOR, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Augusta Meyer filed her bill for divorce in the superior court of Cook county against her husband, Frederick C. Meyer, plaintiff in error. The bill charged plaintiff in error with habitual drunkenness and extreme and repeated cruelty, and alleged that the complainant owned certain furniture and personal property which she used in conducting a rooming house in the city of Chicago; that the defendant interfered with and disturbed the complainant and her roomers so as to injure her business, and prayed for divorce, alimony and solicitor's fees, and for an injunction to restrain the defendant from interfering with the complainant's rooming house business and personal property, and for general relief. The bill made no reference whatever to real estate claimed by either of the parties. The defendant was personally served, and failing to answer, a general default was entered against him on July 8, 1909. Two days later, on July 10, by leave of court complainant filed the following amendment to her bill: "Your oratrix further shows unto your honors that she is the owner of an undivided one-half interest in certain real estate in Chicago, known as 271 and 273 Milwaukee avenue, which said premises are described as follows: North-westerly one-half (N. W. ½) of lot sixteen (16) and the south-easterly one-half (S. E. ½) of lot seventeen (17), in block thirty-three (33), in Ogden's addition to Chicago." The prayer for relief was not amended. No rule was asked or entered against plaintiff in error to answer the bill as amended and no new default was taken. On the same day the bill was thus amended the cause was heard as a default case and a decree entered in accordance with the prayer of the bill for a divorce, and "that the said

Augusta Meyer be, and she hereby is, the sole owner, in fee simple, of a one-half interest in and to the property described as follows, to-wit: North-westerly one-half of lot sixteen (16) and the south-easterly one-half of lot seventeen (17), in block thirty-three (33), in Ogden's addition to Chicago, being the premises located at and known as 271 and 273 Milwaukee avenue, in Chicago, Cook county, Illinois, and that the said Frederick C. Meyer be and he hereby is divested of any and all right, title or interest in and to the aforesaid property." After the rendition of this decree, and before this writ of error was sued out, Augusta Meyer died. It appears from the record that she left no children surviving her, and that no one claimed any rights in the real estate, as purchaser for value from her, after the rendition of the decree and before the suing out of this writ of error. Plaintiff in error seeks a reversal of the decree upon the ground that the court erred in rendering a decree upon the amended bill without entering a rule upon him to plead to the bill after the amendment had been made. It is sought to sustain the decree on the ground that the amendment was immaterial.

The rule established by the authorities is, that no new process is, in general, necessary upon an amended bill, and an order for default can ordinarily be entered upon the original service notwithstanding the bill has been amended; and the same is true where, after an order for default, there is an amendment to the bill purely formal or not affecting the rights of the defendant. (16 Cyc. 493.) It is also a general rule that an amendment of a bill after default, if it introduces a new cause of action or if it otherwise goes to the substance of the pleadings, opens the default and admits the defendant to all the rights which he would have had on the filing or service of the original bill, although it is otherwise if the amendment is immaterial. (23 Cyc. 741; *McQuade* v. *Chicago, Rock Island and Pacific Railway Co.* 78 Iowa, 688.) From these rules it

would appear that if this amendment introduced a new cause of action or was in other respects material, the filing of it vacated the previous default and left the case with no issue before the court upon which a decree could be entered, while if it was merely formal or immaterial it did not have that effect, and the court was empowered to proceed just as if no amendment had been made.

The bill as originally filed was for divorce, alimony and injunction, only. No other relief was sought. The real estate described in the amendment was not that in which the complainant conducted the rooming house. If there was a dispute between the parties as to the ownership of real estate in which one of them claimed to own property to which the other held the legal title, the court, upon a proper bill filed, had the power to adjudicate it. Section 17 of the Divorce act provides that "whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable." Such relief can be obtained only by proper allegations in the bill for divorce. The amendment filed herein does not bring the case within this section of the Divorce act. Mrs. Meyer did not allege that she was the equitable owner of property to which her husband held the legal title, but she alleged complete ownership of the property, and the amendment is silent as to any claim of the husband. This allegation presented nothing upon which issue could be joined and formed no basis whatever for an adjudication. What property Mrs. Meyer owned was wholly immaterial except as it might apply to the question of alimony, and it was not necessary that there be any allegation in the bill in reference to what property she owned for the purpose of decreeing alimony, as that matter could be inquired into upon the hearing. By section 14 of the Dower act any husband or wife who is divorced for

his or her own fault or misconduct forfeits all interest in the real and personal estate of the other, therefore it was not necessary to set out the ownership of this property in the bill for the purpose of divesting the husband of his dower rights. We are of the opinion that the amendment to the bill was wholly immaterial and in no way changed or enlarged the cause of action or the relief prayed for.

This is the only error insisted upon that affects the decree in any respect. We have examined the evidence in the record and find that the decree for divorce is well supported upon both grounds alleged in the bill. The only evidence in the record in regard to the real estate described in the amendment is the testimony of the complainant, who testified that she was the owner of a one-half interest in that real estate, that she obtained it by will from her parents, that her brother owned the other one-half, and that the property was heavily encumbered. That portion of the decree which adjudges Augusta Meyer to be the owner in fee simple of a one-half interest in and to the real estate described in the amendment to the bill and purports to divest Frederick C. Meyer of all title and interest in the same is erroneous and void, as there is no allegation in the bill which tenders an issue on that question.

The decree of the superior court will be modified by striking out that portion which adjudges Augusta Meyer to be the owner, in fee simple, of a one-half interest in and to the real estate described in the amendment to the bill, and purports to divest plaintiff in error, Frederick C. Meyer, of all right, title or interest in and to the aforesaid property, and as so modified the decree is affirmed.

*Decree modified and affirmed.*

DUNN, C. J., and CARTWRIGHT, J., dissenting:

The effect of amending the bill after a decree *pro confesso* is stated to be to render the previous order to take the bill *pro confesso* inoperative even where the purpose of

the amendment is to rectify a clerical error. (1 Daniell's Ch. Pl. & Pr.—6th Am. ed.—*426; *Weightman* v. *Powell,* 2 DeG. & S. 570.) We have held that the effect of amending the bill after a decree *pro confesso* is to set aside the default without any order of the court. (*Lyndon* v. *Lyndon,* 69 Ill. 43; *Gibson* v. *Rees,* 50 id. 383; *South Chicago Brewing Co.* v. *Taylor,* 205 id. 132; *Ruppe* v. *Glos,* 251 id. 80.) Here an amendment was made adding to the bill a subject matter not included in the original bill and asking for relief not within the scope of such original bill, and a decree was rendered not only for the relief prayed for in the original bill, but excluding the defendant from any interest in the property mentioned in the amended bill. It is immaterial whether the amendment was sufficient to entitle the complainant to the relief prayed for. The purpose of its averments, though indefinite, was to secure such relief, and it was actually made the basis for granting such relief. The plaintiff in error was entitled to answer or demur to the whole bill as amended and every part of it, and was in no default which would prevent such answer or demurrer until a decree *pro confesso* was taken against him on the amended bill. The cause was not ripe for hearing. The practice in courts of chancery gives to defendants a reasonable opportunity to interpose a defense by way of demurrer or answer, and except on a decree *pro confesso* for want of an answer a final decree can be rendered only upon a final hearing regularly had. (*Western Union Telegraph Co.* v. *Pacific and Atlantic Telegraph Co.* 49 Ill. 90.) It was error to proceed to a hearing without an answer or a decree *pro confesso.*