ROCHO BROTHERS, Incorporated, Appellant, v. BOONE DAIRY, Incorporated, Appellee.

**TRIAL:  Verdict—Conflicting Evidence.**  Conflicting testimony on the issue whether a tenant had waived his right to certain refrigerating room, as called for by the lease, necessarily generates a jury question, and the verdict thereon is a finality.

**TRIAL:  Trial Theory—Conclusiveness.**  A trial and submission of a cause on a theory mutually agreed on by both parties preclude a change of theory on appeal.  (See Book of Anno., Vol. 1, Sec. 11493, Anno. 260 *et seq.*; Sec. 12827, Anno. 34 *et seq.*)

Headnote 1:  4 C. J. p. 858; 38 Cyc. p. 1537.  Headnote 2:  3 C. J. pp. 718, 720; 4 C. J. p. 662.

Headnote 1:  26 R. C. L. 1068.  Headnote 2:  2 R. C. L. 81.

*Appeal from Boone District Court.*—H. E. FRY, Judge.

JULY 1, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action at law by appellant against appellee, to recover $454.17 for rent and other items.  Defense was partial denial and counterclaim.  Trial to jury.  Appellant obtained verdict for $82.17.  The court increased amount to $135.  Remainder of claim denied.—*Affirmed.*

*John A. Hull* and *Frank Hollingsworth,* for appellant.

*Dyer, Jordan & Dyer,* for appellee.

KINDIG, J.—Appellant brought this action at law, to recover from appellee $454.17 for rent, damage to building, wasted brine, cost of city water, expense of horseshoeing, compensation for stabling horses, and loss for shortage of butter. The petition consists of five counts. By way of answer, appellee admits part of said claims, and denies the rest, then interposes a counterclaim containing two divisions,—one for $270 because of failure to obtain certain refrigerating room named in said lease, and the other for $100, to cover the expense of building refrigerating room. A jury gave appellant $82.17, and the court, in ruling on the motion for a new trial, increased the amount to $135. The only error complained of pertains to said item of $270 named in said counterclaim. Said lease contains this provision:

1. TRIAL: verdict: conflicting evidence.

"The party of the first part [appellant] does hereby lease to the party of the second part [appellee] the following described property, to wit: All the space or room in first party's ice plant building located on Lot 5, in Block 81 (Boone, Iowa,) being part of new addition in the southwest corner thereof, and otherwise described as all of the space south of the water softener and freezing tank on the property of first party, except space for engine now erected together with refrigerating room for all milk and cream weighed in to be located by January 1, 1923, directly east of above described room."

Controversy is centered on the last portion of said provision, to wit:

"Together with refrigerating room for all milk and cream weighed in to be located by January 1, 1923, directly east of above described room."

I. A new trial is insisted upon because, it is claimed, appellee waived its right under the lease to demand the refrigerating room named last above: (a) By using a room inclosed by appellant upon the leased premises, and (b) through the exercise of the option contained in said lease for an extended period.

In retort it can well be suggested that the appellee, in using the alleged substituted refrigerating structure, was occupying the demised premises, which appellee had a right to use

under the contract, and the situation is not such as it would have been, had the additional improvement been placed on territory beyond, and appellee had traveled over the boundaries of the leased ground and then entered upon the unleased area. And also in the renewal transaction appellee exercised only contractual rights, and, instead of having waived demands in the original lease, it thereby reasserted and recontracted for them through the extension.

Witnesses for appellant further tend to support the waiver, while Jones, for appellee, said:

"I asked for the space to the east one time. I asked him [Rocho] why he didn't have the room agreed on in the lease, in place of cutting off our room. He said: 'I will build you room on the west when you need it.' It was not satisfactory to me to build to the west, because we had to move our machinery."

There were other conflicting statements. Thus the subject was presented to the jury, and accordingly that body passed upon the matter. With this disputed record, it was for them to determine the facts. They made the decision, and this court is bound thereby. *McNider v. Fisher*, 197 Iowa 523; *Cheque v. Quackenbush,* 198 Iowa 420.

II. The contention next is made that there is a difference between "refrigerating room," as in said contract used, and "a" refrigerating room. Therefore, it is said that, because the district court failed to make proper distinction, evidence was wrongfully introduced, the jury illegally instructed, and a new trial should be granted, as a result. In the counterclaim, said phrase is referred to as "a" refrigerating room. Appellant in reply says:

2. TRIAL: trial theory: conclusiveness.

"It admits that one of the terms of said lease was that plaintiff would, by January 1, 1923, furnish said association refrigerating room to the east of the space particularly described in said lease * * *."

And then, by way of avoidance, pleads that the appellee waived its right to demand said refrigerating space, by electing to accept other room furnished by appellant. Such were the issues made by the parties themselves, and on that basis testimony was introduced. It appears therefrom that appellant furnished appellee neither a refrigerating room nor refrigerating

room, as called for by said controverted phrase. On behalf of appellant, Albert Rocho testified:

"We agreed to furnish the room to the east, but the first year the room was occupied."

Without objection, witnesses Fowler and Otis testified for appellee that the fair and reasonable rental value of said refrigerating room for the period involved was $15 per month (aggregating $270). At all times during the trial, no discrimination was made or contended for by either party between "refrigerating room" and "a refrigerating room." That part of the answer referring to said claim was not attacked by motion or demurrer. The point was not raised by objection to the introduction of evidence. No motion for a directed verdict was predicated upon this ground, and no instruction was asked for the purpose of defining the issue here involved. The court submitted the cause to the jury upon this theory of the trial. There was adopted for the purposes of said proceedings a plan of controversy. All acquiesced therein, and the district court was led to follow the agreement of the parties in this regard. Because the lawsuit did not result to the satisfaction of the appellant, the case cannot now be determined upon another and different doctrine in this court. *Pixler v. Clemens*, 195 Iowa 529; *Thompson v. Illinois Cent. R. Co.*, 191 Iowa 35; *McNabb v. Juergens* (Iowa), 185 N. W. 581 (not officially reported).

The action of the district court should be, and hereby is,— *Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, DE GRAFF, VERMILION, ALBERT, and MORLING, JJ., concur.