MARIETTA McLAIN, Appellant, v. W. W. RISSER, Appellee.

JANUARY 23, 1929.

*Chester J. Eller,* for appellant.

*Clinton R. Dorn* and *Clarence I. Spencer,* for appellee.

Morling, J.—I. Plaintiff's principal contention here is that the court erred in instructing the jury as follows:

"You are instructed that it is uncontradicted that whatever agreement was made with defendant was made by James H. McLain and Marietta McLain jointly, and that, unless you find from the evidence that both, and not one merely, of said McLains were deceived and defrauded by false declarations, if any, of defendant, made by defendant while knowing their falsity, and with intent to deceive, your verdict must be for the defendant."

It is material to ascertain the theory upon which the case was presented and tried below.

The action was originally brought by plaintiff in her individual capacity. The petition alleged that defendant sold the property to the plaintiff, knowing that plaintiff had no knowledge  of values, and alleged that plaintiff relied upon the representations. Plaintiff also set out the contract, and pleaded that the original sale was made to testator and plaintiff, but that testator had died, bequeathing all his interest in the property to plaintiff. In the first amendment, plaintiff alleged the use of artifice to deceive plaintiff, and that defendant did misrepresent the value, "for the sole purpose of defrauding the plaintiff, when the said defendant knew that the said plaintiff did not know the value of said real estate, and did thereby defraud the said plaintiff." Plaintiff later appeared as executrix, and as such joined in the allegations of the petition.

By a later amendment, plaintiff alleged that, prior to the consummation of the contract, testator was in poor health, unable to transact business; that plaintiff was of little education, with no business experience; that defendant, as an inducement to the entering into the contract, agreed to sell "the said plaintiffs another property for $3,000;" that "the same was a statement made for the purpose of taking advantage of the said plaintiffs and securing their confidence and thereafter imposing upon them by selling to the said plaintiffs the property referred to in plaintiff's petition; that the said defendant, Risser, did falsely represent, with intent to deceive the said plaintiffs, by stating and asserting of his own knowledge that the well on said

premises was a good well * * * that the said plaintiffs relied upon each and all of said statements of said defendant set forth herein and in plaintiffs' original petition and as amended * * * and the said plaintiffs would not have purchased said property, if it had not been for said false and fraudulent representations, and that the said plaintiffs have been damaged by reason thereof, as alleged in their said original petition.''

Plaintiff introduced testimony to show her inexperience and lack of knowledge and her husband's incapacity. She testified that she told defendant, ''We will have to rely upon you and listen to you, because I don't know the valuation of property;'' that her husband said to defendant that ''he would have to rely upon him'' as to the value. Another witness says that plaintiff and her husband ''said they had to rely on his [defendant's] word on the property, because they didn't know the valuation of the property.'' Plaintiff testified that defendant said he was a real estate man, and knew the valuation of the property out there, and knew that this property was well worth $1,800, but he would make it $1,450; that defendant said everything was in good condition; that the husband asked about the pump and water, saying that he wanted good water to drink, and defendant said the water was good, and plaintiff and her husband could use it; that ''he said he knew that.'' Plaintiff testified that she relied on and was induced to enter into the contract by defendant's representations. There was testimony to the effect that the water could not be used; that water had to be obtained from the neighbors; that the value of the property at the time of the purchase was $500 to $700. Plaintiff did not attempt to present in evidence any right of recovery or theory of damages sustained by her individually, apart from her interest as one of the joint parties to the contract. There were no requests to charge.

On this record, we think it must be found that the theory upon which the plaintiff finally pleaded, and on which she tried her case, and the theory upon which the court was permitted, without objection, to accept and submit it to the jury, was that the plaintiff was suing, not for damages sustained by her in her individual capacity, but for damages which she and her husband sustained jointly from alleged misrepresentations made to them jointly. The basis of the action and the damage claimed were

joint injury and joint damage, not injury to or damage sustained by plaintiff individually. Plaintiff's exception to the instruction is that:

"It is a misstatement of the evidence. The contract was executed by James H. McLain and Marietta McLain, but not jointly. That each owned an undivided interest during their lifetime, and either of whom had a right to bring an action for damages * * * The same [instruction] being erroneous, * * * as either party had a right to bring an action for damages and maintain his action separate and distinct, the only limitation * * * [being] that he would only be entitled to recover one-half interest, and the burden would be upon the defendant to show the amount of interest or ownership in each party, and if he did not show such interest, a recovery could be had by either for the full amount * * *"

The assignment of error is that the instruction "required the plaintiffs to prove more than the law required, in that the purchase of said plaintiffs was a joint enterprise, and that the deceiving of one of said joint purchasers inured to both, and was sufficient." It will be noticed that plaintiff, by the assignment of error, changes base, and presents here her case as growing out of a joint enterprise, in which deception of one would inure to the benefit of both; whereas the exception in the trial court asserted that the contract was executed "not jointly," and that either party had the right to bring and maintain an action separately, but was only entitled to recover one-half interest, and the burden would be on the defendant to show the amount of such one-half interest.

Plaintiff cites *City Nat. Bank v. Jordan,* 139 Iowa 499, 507, as her authority. That was a suit upon a note, wherein part of the makers pleaded fraud defensively, and it was held that a false representation operating to induce the purchase, though not made directly to all, was ground for rescission, and proof of such rescission would constitute a good defense. The case is not authority for the claim made by plaintiff either in her exception to the instruction or in her assignment of error.

The plaintiff's exception was upon a different theory from that on which she had presented and tried her case. Her assignment of error here is upon a still different theory. It therefore

494

cannot be sustained. See *Stanbrough v. Daniels,* 77 Iowa 561; *Rocho Bros. v. Boone Dairy,* 204 Iowa 391; 4 Corpus Juris 662. Manifestly, the trial court did not err in overruling the exception taken there.

II. The court instructed the jury that, if they found the plaintiffs entitled to recover, they "should find the difference between the amount the defendant represented the property to  be worth and what he in fact knew it actually to be worth," not to exceed the amount claimed in the petition. Plaintiff's case was based upon defendant's alleged knowledge that the property was worth less than what he represented it to be. The jury found not merely inadequate damage, but no damage. They must have found that there was no fraud entitling her to any recovery whatever. The instruction was without prejudice.

III. Error is assigned on failure of the court to submit to the jury plaintiff's claims with respect to false representations about the well and water. The trial court, in ruling upon this ground for new trial, said:

"This case not having been an action to rescind the contract in controversy herein, there was grave doubt in the mind of the court whether there should be any instruction given to the jury,  under the pleadings and evidence, in relation to the well; and prior to the completion of the instructions, in a consultation with the attorney for the plaintiffs and attorney for the defendant, plaintiffs' attorney specifically requested the court, and the court agreed with him, in the presence of defendant's attorney, that the subject of the well be eliminated from the instructions."

Appellant, in respect to this, says:

"Appellee's counsel, as well as the trial court, mistook the importance of the pleading and evidence as to the well, claiming that the plaintiff did not prove any damages with respect to the same, and the court stated that he could not instruct with respect to the same unless there was proof of some specific damages; and appellee's counsel attempts to assert that he was correct. * * * All that appellee's counsel stated to the court, when the court asked about drawing a specific instruction as to the

well, was that, in his judgment, there was no need for separate instruction as to the well, as it was a part of the fraud, and was included in the damages. What the appellant's counsel claims as erroneous is the elimination of the misrepresentations of the subject-matter of the well, as it should have been included in the statement of the fraud.''

It is evident that the matter under consideration was discussed in the trial court. With this discussion in mind, the court gave his instructions. No protest or objection was made, and no request to charge presented. On this condition of the record, we cannot hold that the trial court misinterpreted the appellant's position. We find no error.—*Affirmed.*

ALBERT, C. J., and EVANS, STEVENS, FAVILLE, KINDIG, and WAGNER, JJ., concur.