Beverly Gruenberg HYMAN, Appellant,

v.

**PEOPLES BANK & TRUST COMPANY, Appellee.**

No. 86–638.

Supreme Court of Iowa.

Nov. 25, 1987.

Alfred A. Beardmore, Charles City, for appellant.

Ralph V. Harman and D.G. Ribble of Lynch, Dallas, Smith & Harman, Cedar Rapids, and Stephen C. Nelson of Moyer & Bergman, Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and NEUMAN, JJ.

LARSON, Justice.

Peoples Bank & Trust Co., executor of the estate of Robert Gruenberg, borrowed money from Gruenberg's widow to finance a continuing operation of Gruenberg's farming operations. The farming operations deteriorated, and the estate defaulted on the notes. Gruenberg's widow, now Beverly Hyman, sued the bank in its individual capacity, claiming it had no authority to bind the estate on the notes because the amount they represented (approximately $150,000) was "new and independent consideration" and therefore beyond the bank's borrowing authority as executor. She did not allege any negligence or mismanagement in the administration of the estate.

The district court, relying on authority granted by Gruenberg's will, granted summary judgment for the bank, and Beverly appealed. The court of appeals, in a split decision, reversed. It held that, while the bank had authority under the will to borrow money, the authority was conditioned on its exercise with "the skill and knowl-

edge ordinarily possessed by such professionals." Because application of this test would necessarily involve factual issues, it held the case was inappropriate for summary judgment. We vacate the court of appeals decision and affirm the judgment of the district court.[1]

## I. *Authority to Borrow.*

■ An executor or administrator is said to have "no inherent authority to borrow money." 33 C.J.S. *Executors and Administrators* § 202, at 1185 (1942). Any such authority must be granted by will or statute in order to bind the estate. *See, e.g., YMCA v. Caward,* 213 Iowa 408, 412–13, 239 N.W. 41, 43 (1931); *Cohen v. Hayden,* 180 Iowa 232, 241, 157 N.W. 217, 219 (1916); *Peoria Steam Marbleworks v. Hickey,* 110 Iowa 276, 278–79, 81 N.W. 473, 474 (1900).

■ Robert's will provided these powers for his trustee (incorporated by reference, in a later provision in the will, as powers for the executor as well):

### ARTICLE X

. . . .

In extension but not in limitation of any power otherwise possessed by my trustee, I grant to it without the necessity of notice to or approval of any Court or person, the following powers:

1. To sell, exchange, *borrow,* mortgage, lease or otherwise dispose of any asset for terms within or extending beyond a term of any trust.

. . . .

7. To continue any farming operation which may be acquired by the trust, to operate any farm with hired labor, tenants, or sharecroppers, and to employ agents; to lease any farm for cash or a share of the crops; to acquire farm machinery, equipment, and livestock; to construct and improve buildings; *to make or obtain loans at the prevailing rate of interest;* to employ conservation practices; to manage any timber; in general, to perform such acts as my trustee deems appropriate using such methods as are commonly employed by other farm owners in the community in which the farm property is located.

(Emphasis added.)

Despite these apparently broad powers, the court of appeals said:

The inquiry does not end with reviewing the language of the will. The question of whether the bank had the authority to borrow the money is a question of intent to be determined by consideration of the language used in the instrument and the circumstances under which it was executed and accepted.

The problem with this rule is, as the bank points out, that an executor would not know whether it in fact had the powers granted to it by the will until after it had actually exercised them. Such a rule would make it necessary in virtually every case to apply to the court for authority to act, despite the testamentary power to act without court approval. Furthermore, this rule could have adverse effects on real estate titles derived through court officer's deeds which were executed in reliance on a testamentary power of sale.

We believe the court of appeals erred in adopting a conditional authority rule. The will granted broad authority to the executor to act without application to the court. *See In re Estate of Bruene,* 350 N.W.2d 209, 214 (Iowa App.1984). As previously noted, no claim is made that the executor improperly exercised its borrowing authority or mismanaged the estate. *See* Iowa Code § 633.160 (1983).

## II. *The Effect of Iowa Code § 554.3403(3) (1983).*

■ As a general rule an action on a contract of a representative which is based

---

1. The bank argues that the "conditional authority" rationale of the court of appeals was not raised by Beverly in district court, or on appeal, and is therefore not properly before us. Giving Beverly's objections their broadest interpretation, however, it could be argued that the conditional authority theory was subsumed in the general issue raised by her as to the bank's authority to borrow money. In any event, we resolve the procedural doubt in Beverly's favor and address the issue on its merits.

on new and independent consideration must be brought against the representative in his individual capacity, although the contract was made in the interest of the estate. 34 C.J.S. *Executors and Administrators* § 715(b), at 700 (1942).

The court of appeals concluded that the loans by Beverly to the executor represented "new and independent consideration" under this rule, insulating the estate from liability on the notes. Any collection, it held, would have to be against the bank in its individual capacity, unless the will provided the necessary authority for it.

The bank argues that, under Iowa Code section 554.3403(3), its liability is limited to a representative capacity. That section provides that "the name of an organization preceded or followed by the name and office of an authorized individual is his signature made in a representative capacity."

The notes were signed:

Peoples Bank and Trust Co.,
Executor of Robert W. Gruenberg Estate
By: /s/ Peter B. Welch

On one of the notes Welch was identified as "Assistant Trust Officer" and in the other two notes as "Trust Officer."

We agree with the court of appeals that section 554.3403(3) does not itself grant authority to the bank to bind the estate; it only permits a party who has authority to do so to bind another. For the reason stated in Division I, the bank had authority under the will to bind the estate. Under section 554.3403(3), the bank's signature was given in its representative capacity, and it may not be sued individually.

We vacate the court of appeals decision and affirm the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.