OF THE

## STATE OF IOWA,

AT

### DES MOINES, JANUARY TERM, A. D. 1894.

AND IN THE FORTY-EIGHTH YEAR OF THE STATE.

---

### E. I. McCoy v. W. N. Treichler, Appellant.

**Replevin:** BOTH PARTIES CLAIMING OWNERSHIP. Where both parties to a replevin suit claim to own the property in controversy, the right of possession depends upon the fact of ownership. (1)

NON PREJUDICIAL INSTRUCTION. Plaintiff sought to recover as to certain books which defendant disclaimed owning. There was an instruction that plaintiff could not recover as to those books unless demand therefor had been made upon defendant, and refused. There was no proof of demand, but plaintiff recovered nothing for said books. *Held*, not prejudicial to defendant. (3)

REMITTITUR: NOT OBJECTIONABLE, WHEN. Defendant can not complain because plaintiff remits so much of his judgment as is unsupported by the proof. (4)

CONFLICTING EVIDENCE: REVIEW ON APPEAL. Where the evidence, in a law action, conflicts, it will not be reviewed on appeal. (1)

NOTE.—The numbers following each section of the syllabus indicate what division of the opinion the section deals with,

*Appeal from Cedar District Court.*—Hon. J. H. Preston, Judge.

Saturday, January 27, 1894.

Action to recover specific personal property. Judgment for plaintiff and the defendant appeals.— *Affirmed.*

*W. G. W. Geiger* and *Wolf & Hanley* for appellant.

*E. M. Brink* and *Wheeler & Moffit* for appellee.

Granger, C. J.—I.  This action is to recover some sixty-five volumes of law books from the possession of defendant.  Each party claims to be the owner of the books, and hence the right of possession depends upon the fact of ownership.  Plaintiff was the owner, and still is, unless he sold them to the defendant; and the fact in the case, toward which the testimony was directed, was that of a sale of the books.  The jury found that plaintiff was the owner of the books, and hence must have found, under the instructions, that there had been no sale of them.  It is urged that the evidence is not sufficient to sustain the verdict. The evidence is plainly in conflict, and to such an extent that we can not interfere with the finding of the jury. No good purpose will be subserved by a discussion of the evidence bearing on the question.

II.  The jury fixed the value of the books at one hundred and seventy-five dollars.  Plaintiff filed a remittitur of the value thus fixed, in excess of one hundred and fifty dollars and fifty cents, and, upon the plaintiff's election to take judgment for the value of the books, the judgment rendered was for the latter amount.  With the value thus reduced, the judgment for it has support in the evidence.  A dispute arises over the value of thirty-five volumes of the Northwest-

ern Reporter; and appellant claims that plaintiff's own evidence shows that he bought the thirty-five volumes with other books, for eighty dollars, but it is a misapprehension of the testimony. He said that, besides the eighty dollar bill, he bought other books from the West Publishing Company, including "certain of the thirty-five volumes." The jury must have fixed the value of the books at one hundred dollars, and there is testimony to that effect.

III. In plaintiff's petition were included volumes, 73, 74, 75, and 76 of the Iowa Reports; and defendant, in his answer, did not claim to own them. And the court said to the jury that, unless the plaintiff had shown that defendant had refused, on demand, to allow plaintiff to take them, there could be no recovery as to such books; and it is urged that there was no evidence of a demand, or that defendant had them. The judgment for the one hundred and fifty-two dollars and fifty cents is based upon the values of the books other than the volumes mentioned. This appears from the estimates by both parties in argument; and hence the effect of the judgment, as it now stands, is that there is no recovery for such volumes. No prejudice has resulted from the instruction.

IV. There is a complaint as to the remitting of the excessive value of the books. That plaintiff could reduce the amount of the finding, if excessive, we have no doubt. It would be an act in favor of the other party. Appellant says: "We understand the rule to be that, in reducing the amount to where the evidence will justify it, the court simply gives the alternative to accept, or it grants a new trial." This is not a case in which the court either orders or suggests a reduction of the amount of the finding. It is the act of the party in whose favor the finding is. The appellant evidently has in mind cases in which the court, on an application for a new trial, regards the finding

excessive, and gives to the party in whose favor the finding is, his election to remit, or accept a new trial. The distinction is obvious. The judgment is AFFIRMED.