J. A. JONES and EMMA PEASE, Appellants, v. JOHN LUING, ET AL., Defendants; W. C. RIDGEWAY, Intervener; ANNA CARVER, Administratrix, Intervener.

Gifts: WHEN EXECUTED. A gift contemplates the actual present transfer of all right and dominion over the thing given: So that where the donor left notes with others telling them they could have them if she died before needing them, there was not an executed gift, although the parties were in possession of the notes at the time of the donor's death.

Appeal from Story District Court.—HON. C. G. LEE, Judge.

THURSDAY, SEPTEMBER 21, 1911.

ACTION in equity on notes secured by a real estate mortgage. There was a judgment for the administratrix. The plaintiffs appeal.—Affirmed.

J. F. Martin, for appellants.

I. W. Douglass, for appellee Carver.

SHERWIN, C. J.—The plaintiffs are brother and sister, and the children of Nancy Jones, deceased. They brought this action on two promissory notes, of $200 each, executed by the defendants Luing, and secured by a mortgage on real estate, which the intervener Ridgeway purchased of the Luings, assuming the payment of said notes. The intervener Anna Carver is the administratrix of the estate of Nancy Jones, and claims that the notes in suit are the property of said estate, while the plaintiffs claim that the notes were given to them by Nancy Jones some time before

her death, and are still their property. The single issue presented is whether there was a present valid gift of the notes to the plaintiffs.

The additional facts are as follows: The notes in suit, with four others of the same series had been given to a bank as collateral security for borrowed money. P. S. Beekley, a son-in-law of Nancy Jones, paid the bank the amount due it and took up the collateral notes, delivering four of them, including the ones in suit, to the plaintiff J. A. Jones, for his mother, Nancy Jones. The evidence touching the alleged gift to the plaintiffs is substantially as follows: J. A. Jones said that upon "returning home I tendered to mother the notes. Mother told me to keep the notes, and if she did not need them before she died for me to divide them equally' between Mrs. Emma Pease and myself." Emma Pease testified: "My brother, J. A. Jones, and I own these notes. Mother was blind, and she said when she died for me and my brother to divide them. Myself and brother, J. A. Jones, on account of mother being blind, she placed these notes in care of my brother, J. A. Jones, to take care of, with instructions that if she died before needing them they were to be divided between myself and brother, J. A. Jones." Emma Parkhurst, for plaintiffs, testified: "J. A. Jones and Emma Pease own the notes. Nancy Jones told him that, if she died before needing the notes, J. A. Jones and Emma Pease were to have the notes divided between the two."

We have given practically all of the evidence on the subject of the gift of the notes, and, conceding that the plaintiffs were competent witnesses to the gift, the evidence as a whole falls far short of establishing a present gift. One of the essentials of a gift is the actual transfer of all right and dominion over the thing given. "If this is to happen in the future, it amounts to no more than a promise without consideration, and may be disregarded." *Furenes v. Eide,* 109 Iowa, 511; *Stokes v. Sprague,* 110 Iowa, 89;

*In re Brown's Estate,* 113 Iowa, 351; *Oliver v. Perry,* 131 Iowa, 654; *Stroup v. Bridger,* 124 Iowa, 401. There was here clearly no executed gift under the testimony relied upon by the plaintiffs. The plaintiffs were probably incompetent witnesses as to the alleged gift under section 4604 of the Code; but we do not find it necessary to determine the question, because their own testimony shows nothing more than a conditional promise to give the notes to them. The judgment is clearly right, and it is *affirmed.*