WILLIAM S. HART, Appellee, v. W. E. WOOD et al., Appellants.

**APPEAL AND ERROR:** Review—Presumptions—Submission to Court.
1  Parties will not be permitted to deny that an action was fully submitted to the *court* (1) when, at the close of all the evidence, motions were made by both parties for a directed verdict; (2) when the jury was *excused,* but not *discharged;* and (3) when the court, without objection, took the motions under advisement, and at a later term, without objection, sustained one of the motions and entered judgment accordingly. (See Book of Anno., Vol. 1, Sec. 11519, Anno. 6 *et seq.*)

**SALES:** Conditional Sales—Innocent Subsequent Purchaser. Principle
2  reaffirmed that the right of a vendor under a sale on condition that the vendee pay the purchase price is subordinate to the rights of a subsequent purchaser without notice in good faith from the vendee.

**PARTIES:** Defendants—Proper Parties—Replevin. A party from whom
3  both plaintiff and defendant in replevin trace their title is a proper party defendant.

**REPLEVIN:** Abatement—Want of Demand. Replevin will not be abated for want of demand on defendants for possession prior to the institution of the action (1) when one defendant had incapacitated himself from complying with a demand, and (2) when the other defendant asserted unqualified title against the plaintiff. (See Book of Anno., Vol. 1, Sec. 12177, Anno. 53 *et seq.*)

**REPLEVIN:** Judgment—Failure to Fix Value. An unsuccessful defendant in replevin who, under a delivery bond, has retained the property in his possession, may insist that the judgment show the value of the property, provided that he is prejudiced by the failure of the judgment to so show.

Headnote 1: 4 C. J. p. 713 (Anno.)   Headnote 2: 35 Cyc. p. 654.
Headnote 3: 34 Cyc. p. 1427 (Anno.); 35 Cyc. p. 713 (Anno.)   Headnote 4: 34 Cyc. pp. 1405, 1409, 1410.   Headnote 5: 34 Cyc. p. 1544.

*Appeal from Allamakee District Court.*—H. E. TAYLOR, Judge.

JUNE 21, 1926.

Action in replevin of an automobile. The defendants filed separate answers to like effect. The substance of these answers was a general denial, and that the defendant Knudtson was the owner of the property in question, and was rightfully in possession thereof, and that the defendant Wood had no interest therein. At the close of all the evidence, each party moved for a directed verdict. Thereupon, by stipulation, the jury was excused (though not discharged), and the motions were submitted to the court and taken under advisement. At a subsequent term, the plaintiff's motion was sustained, and judgment entered accordingly. The defendants appeal.—*Affirmed.*

*E. H. Estey* and *James D. Cooney,* for appellants.

*William S. Hart* and *Murphy & Gleason,* for appellee.

EVANS, J.—I. A brief statement of the facts is necessary to an understanding of the legal questions presented.

In April, 1919, the defendant W. E. Wood and one Hillesheim jointly negotiated with the defendant Knudtson for the purchase of a Chalmers automobile. In such negotiations a cash sale was first contemplated. $1,650 was fixed upon as the price. This amount was more than the purchasers could pay at that

time. They did pay to Knudtson the sum of $740, and executed their note for $910, payable December 1st following, and received delivery of the automobile. This transaction was had in Elgin, in Fayette County, where Knudtson was engaged in business. The purchasers occupied, as tenants, the farm of the plaintiff, situated in Allamakee County. Shortly thereafter, Wood and Hillesheim severed their relation, and Hillesheim transferred all his interest in the joint property to Wood. On October 4, 1919, defendant Wood and wife gave to plaintiff a bill of sale of all the property in their possession upon the farm, —the same being intended as security for indebtedness owed to plaintiff. On November 17th following, Knudtson, by mutual arrangement with Wood, took back the automobile, and held the possession of the same, pursuant to such arrangement. On December 6th, this suit was begun against both defendants.

The main contention between the parties is largely one of law, and is whether the transaction of April 28th amounted to a conditional sale of the automobile by Knudtson to the purchasers. If a conditional sale, then the bill of sale to the plaintiff takes priority over any right of Knudtson's. The contention for Knudtson is that the contract of April 28th was a contract for bailment only. Knudtson testified that it was agreed between him and the purchasers that they might take the automobile and use it, and if they paid their note on December 1st, they should thereby become owners of the automobile; but if they failed on such date to pay such note, then they should return the automobile, and accept a surrender of their note. It is claimed that, upon this testimony, it was error for the court to direct a verdict for the plaintiff. One infirmity in that evidence for the purpose for which it is put forward is that it does not stand alone in the testimony of Knudtson himself. His other testimony was that the negotiations had reference to a contemplated sale; that a part of the purchase price was paid; that a promissory note was taken for the balance; that Knudtson has held this promissory note ever since; that he did not surrender it when he received back the automobile. It is contended, however, that the partial payment was to be retained by Knudtson as compensation for the use.

It further appears from the testimony of Wood, whose interest in the litigation is quite nominal, and who is represented by

the same counsel with Knudtson, that he redelivered the automobile to Knudtson under an arrangement whereby Knudtson was to sell it and apply the proceeds first to the discharge of the promissory note, with interest, and that any balance remaining should be paid to Wood. This evidence was not denied by Knudtson. We ought not, therefore, wholly to segregate the particular evidence of Knudtson upon which the claim of bailment is predicated, from the remainder of his evidence; nor should we wholly disregard the evidence of Wood which was given in Knudtson's behalf.

There is a further fact in the record that seems to call for our consideration of the evidence on its merits as a whole, in support of the ruling of the trial court.

We have already noted that the jury was excused, though not discharged, and that this was done by stipulation of the parties on January 21, 1921. The motions were submitted, and taken under advisement. Decision was not made until November 12th following. The record does not disclose a stipulation that decision might be rendered in vacation or at a future term. But no objection of any kind was made to the entry of decision and judgment on November 12th, nor was any question raised, by motion or otherwise, of the authority of the court so to do. Manifestly, the jury had been fully discharged at this time, by operation of law, if not by the specific order of the court. There was no way left, at that time, for the disposition of the case upon the merits of the evidence, except that it should be done by the court. In the absence of objection by either party, we must necessarily presume that the jury had been rightfully discharged by their consent, and that they had submitted the whole issue to the court, notwithstanding the pendency of the motions.

1. APPEAL AND ERROR: review: presumptions: submission to court.

The evidence of the two defendants, taken as a whole, clearly presents a case of conditional sale, and not of bailment. *Maxwell Motor S. Corp. v. Bankers Mtg. & Sec. Co.*, 195 Iowa 384; *Morse & Sammis v. Chicago, R. I. & P. R. Co.*, 73 Iowa 226; *Wright v. Barnard Bros.*, 89 Iowa 166; *Bentley & Olmstead v. Snyder & Son*, 101 Iowa 1; *Moline Plow Co. v. Braden*, 71 Iowa 141. Nothing is better settled, under the decisions, than that a contract which in its essence is a sale upon condition of payment of the purchase

2. SALES: conditional sales: innocent subsequent purchaser.

price may not be concealed by any cover of mere words.

In view of the peculiar condition of the record before us, as bearing upon this question, we are not disposed to draw too fine a line as to whether a jury question was presented by the particular testimony of Knudtson to which we have already adverted. We are disposed to the contrary view, and to the view that a verdict for Knudtson, if rendered, could not be sustained, upon the testimony of the defense as a whole.

There is no claim that the plaintiff had any notice, actual or constructive, of the conditional sale.

We hold at this point that the transaction was one of conditional sale, and that the plaintiff, under his subsequent bill of sale, took priority over the right of Knudtson under his conditional sale, as an innocent purchaser, without notice.

II. It is urged by each defendant that the suit was brought in the wrong county. Knudtson was living in Fayette County, and Wood in Allamakee County, at the time the suit was commenced. The automobile was in possession of Knudtson in Fayette County, having been delivered to Knudtson by Wood, a few days previously, in Allamakee County.

Manifestly, Wood is in no position to say that the suit was brought in the wrong county. Nor is Knudtson in any position to say so, if Wood was a proper party to the suit. No application was presented for a change to the proper county. *Goldsmith v. Willson,* 67 Iowa 662.

3. PARTIES: defendants: proper parties: replevin.

This failure might be excused on the ground that a motion could not lie while Wood was a party to the case. Such is the argument for Knudtson. His contention is that the case should have been dismissed as to Wood, for want of any interest therein; that, if it had been so dismissed, then the statute would have required a dismissal as to Knudtson, as having been sued in the wrong county. We inquire, therefore, whether Wood was properly made a party. The plaintiff claimed title under Wood. He had to show title good as against Wood, before he could prevail, even against Knudtson. If Wood delivered the automobile to Knudtson, then Knudtson's right of possession was referable also to the title of Wood. In such case, Knudtson became the bailee of Wood. As to a third party, his possession would be the possession of Wood, in a legal sense. This of itself

rendered Wood a *proper* party. Whether he was a *necessary* party, we need not determine.

III. It is also urged that the plaintiff's case should have been dismissed for want of demand. To have dismissed on this ground, would have been an abatement only. The defendants each answered only in bar. Such answer went to the merits, and denied the right of the plaintiff *in toto*. It is at least doubtful whether a defendant in such an attitude is entitled to complain of want of demand. The purpose of a demand is to furnish opportunity to one rightfully in possession to surrender his possession to the rightful claimant without being subjected to suit or the costs thereof. Where the defendant asserts his absolute right to maintain possession as against the plaintiff, regardless of demand, we see little occasion for abating a suit for want of demand. When the defendant discloses such to be his attitude, he discloses also that a demand upon him would have been a useless formality. It is argued herein that the defendant Knudtson was rightfully in possession, and was therefore entitled to the preliminary demand, as a matter of law. Granted that he was rightfully in possession as between him and Wood, he was not rightfully in possession as between him and the plaintiff. His claim of right of possession was permanently hostile to the plaintiff.

*4. REPLEVIN: abatement: want of demand.*

Granted that Wood was rightfully in possession prior to November 17th, yet on that date he delivered the property to Knudtson, in hostility to the title of plaintiff under his bill of sale. Knudtson received it, knowing that the act of Wood was in breach of his obligation to plaintiff. Wood had wrongfully put it out of his power to deliver the possession to the plaintiff under his bill of sale, and surely a demand upon him would have been useless.

We deem it clear that neither defendant is in any position to complain of want of demand.

IV. Defendants complain also of the form of the judgment entered, in that it fixed no value upon the property. It appears that the property was left in the hands of defendant Knudtson under a delivery bond. Failure of the court to find a valuation of the

*5. REPLEVIN: judgment: failure to fix value.*

property operated apparently to the detriment of the plaintiff, rather than to that of the defendant Knudtson.

If it can be said that the failure of the judgment in this regard operates to the prejudice·of the defendant Knudtson, we think he would be entitled to· have the defect rectified. We are disposed to say at this point that the defendant Knudtson may, at his own election, have the case remanded for a correction of the judgment in this respect, and for. a further hearing upon such, issue in the district court, if he be so advised.

In all other respects, the judgment below is affirmed.— *Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.