IN RE ESTATE OF ELIGER BELGARD.

ELIZABETH BELGARD, Appellee, v. FRANK BELGARD, Executor, Appellant.

**GIFTS: Inter Vivos—Bank Deposit with Symbolical Delivery.** A bank deposit made with the intent to make a gift, and followed by a symbolical delivery to the donee, constitutes a consummated gift.

Headnote 1: 28 C. J. p. 665; 30 C. J. p. 701.

Headnote 1: 40 A. L. R. 1257; 12 R. C. L. 946.

*Appeal from Wapello District Court.*—D. M. ANDERSON, Judge.

FEBRUARY 8, 1927.

Proceeding in probate. The facts are fully stated in the opinion.—*Affirmed.*

*Smith & Work*, for appellant.

*Jaques, Tisdale & Jaques*, for appellee.

STEVENS, J.—I. On or about December 10, 1924, Eliger Belgard deposited $1,000 in the South Ottumwa Savings Bank, to the credit of ''Eliger Belgard or Elizabeth Belgard.'' Eliger died testate, May 27, 1925. Frank Belgard, his son, was duly appointed executor of his estate. Elizabeth Belgard paid the funeral expenses of her husband, amounting to $292.50, out of the $1,000 deposited in the bank, and the executor withdrew $500 therefrom and deposited it in his account as executor. On December 1, 1925, Elizabeth Belgard filed an application in the district court of Wapello County, alleging that the $1,000 in the bank was deposited by her husband for her use and benefit, and that he gave the same to her absolutely, as a consummated gift. At the time the deposit was made by decedent, he had deposits in other banks in the city of Ottumwa. The court, sitting in probate, found that there was an executed gift of the $1,000 to the claimant, and ordered the executor to return the $500 withdrawn by him, together with the amount paid by appellee as

funeral expenses. Both parties have appealed. The executor will be treated as the appellant.

Appellant's appeal presents only a question of fact: that is, Was there an executed gift by the husband to the wife, of the sum in dispute? The issues are not triable *de novo* in this court. *In re Estate of Lund,* 107 Iowa 264; *Kelsey v. Kelsey,* 57 Iowa 383; *In re Will of Norman,* 72 Iowa. 84; *In re Estate of Clark,* 151 Iowa 511; *In re Estate of Schultz,* 196 Iowa 125; *In re Estate of Chismore,* 194 Iowa 300; *In re Estate of McKinney,* 198 Iowa 479.

The law is well settled that, to constitute a valid gift *inter vivos,* the intention to make it must be satisfactorily established, and must have been consummated by the actual, constructive, or symbolical delivery of the subject of the gift to the donee, or to a third person as agent or trustee for the donee, without the power of revocation. *Tucker v. Tucker,* 138 Iowa 344; *In re Estate of Brown,* 113 Iowa 351; *Jones v. Luing,* 152 Iowa 276; *In re Estate of Elliott,* 159 Iowa 107.

The claimant testified, without objection, that her husband returned home with the pass book showing the deposit, and gave it to her, and told her that he had put the money in the bank for her special use and benefit. He told others that he had given his wife $1,000 and the use of the homestead for life.

The court below found that there was a symbolical delivery of the fund in the bank, and that the evidence, as a whole, satisfied him that the gift was fully consummated during the lifetime of the husband. It may be conceded that the evidence supporting the alleged consummation of the gift is not particularly strong; but, as the finding of the court below is based upon evidence tending to show a symbolical delivery, it must be given the same weight and effect as the verdict of a jury. We have no doubt that it was the intention of the husband to give $1,000 absolutely to his wife,—to make a settlement of that amount upon her. They were both old, and appellee had no money and little ability to earn a living. The finding of the court below that, as a matter of fact, the gift, if such it should be called, was fully consummated, will not be disturbed on appeal. The order and judgment is, therefore, affirmed on appellant's appeal.

II. One of the claims asserted in the district court by the appellee and cross-appellant was that Section 9267 of the Code

of 1924 is applicable to the. facts of this case, and controlling. Many authorities are cited which counsel claims support this contention. Appellee is in no respect prejudiced by the interpretation placed upon the statute by the court, she having won in the court below, and there is, therefore, no occasion for this court to interpret or construe the statute. We shall not, therefore, consider the cross-appeal, or discuss the question presented thereby. The holding of the district court operates as an adjudication only as against the parties to this proceeding. The order and judgment of the court directing the appellant to return to appellee the amount withdrawn by him as executor and the sum paid as funeral expenses is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.