ALEX VARVARIS, executor of estate of Steve Christ Varvaris, deceased, appellee, v. LOIS VARVARIS, appellant.

No. 51139.

(Reported in 124 N.W.2d 163)

OCTOBER 15, 1963.

Francis J. Pruss, of Cedar Rapids, for appellant.

Lynch, Dallas, Smith & Harman and Thos. L. Woods, all of Cedar Rapids, for appellee.

MOORE, J.—This is a replevin action by executor of the estate of Steve Christ Varvaris, deceased, against the surviving spouse for possession of two automobiles and the title certificates thereto. The certificates show title of both vehicles in decedent at time of his death. Defendant claims a right to them by virtue of a gift inter vivos. At the close of the evidence the trial court overruled defendant's motion for a directed verdict, sustained such a motion by plaintiff and entered judgment for plaintiff. Defendant has appealed.

Defendant asserts the court erred in (1) overruling her motion for directed verdict, (2) sustaining plaintiff's motion, (3) limiting cross-examination of plaintiff and (4) limiting evidence by defendant as to possession of the two automobiles and the certificates.

Plaintiff's petition alleges decedent at the time of his death was the owner of a 1960 Buick, bearing model No. 4419, and certificate of title thereto bearing No. 57-223368, and a 1950 Buick model No. 41D and certificate of title thereto bearing No. 57-154153; the value of said property is approximately $4000;

defendant wrongfully detains possession from plaintiff; it was not taken from him by any order of a court and the cause of retention of said property is that defendant claims the same by virtue of a gift from decedent during his lifetime. Defendant's answer admits she claims the two vehicles by virtue of a gift from decedent during his lifetime. It admits the property was not taken by any court order and denies all other allegations of plaintiff.

The evidence is that after more than a month's hospitalization Steve Christ Varvaris died September 6, 1961. He was defendant's husband and had been a partner with his brother Alex in The Hub Restaurant in Cedar Rapids for several years. Executor's letters were issued by Linn County District Court to Alex as executor of Steve's estate. Defendant for some time prior to and at the time of her husband's death had possession of both Buicks and the keys thereto. About the time he was appointed executor, Alex opened the restaurant partnership safe and voluntarily handed the two title certificates to defendant. She retained them until the trial when they were introduced and received as plaintiff's exhibits 1 and 2. Each certificate, as described in plaintiff's petition, shows decedent as owner of the described vehicles. No assignment appears on either certificate. The Linn County treasurer's records show decedent as owner.

On cross-examination of plaintiff, defendant's counsel sought to establish the conversation between plaintiff and defendant when the certificates were handed to her and also plaintiff's reasons for doing so. The court sustained objections to these inquiries. Likewise the court sustained objections to defendant's offer to prove decedent "had told her in the hospital that she was to have the cars; that she was to get the titles from the safe at The Hub Restaurant and take them home."

The trial court's rulings on the motions for directed verdict and the evidentiary problems are based on the holding that no gift of the automobiles could be made without an assignment of the certificates of title as required by section 321.45, subsection 2, Code of Iowa. It provides:

"2. Except as provided in section 321.50 and except for the purpose of section 321.493 no person shall acquire any right,

title, claim or interest in or to any vehicle subject to registration under this chapter from the owner thereof except by virtue of a certificate of title issued or assigned to him for such vehicle or by virtue of a manufacturer's or importer's certificate delivered to him for such vehicle; nor shall any waiver or estoppel operate in favor of any person claiming title to or interest in any vehicle against a person having possession of the certificate of title or manufacturer's or importer's certificate for such vehicle for a valuable consideration. Except as provided in section 321.50 and except for the purpose of section 321.493, no court in any case at law or equity shall recognize the right, title, claim or interest of any person in or to any vehicle subject to registration sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued or assigned in accordance with the provisions of this chapter."

Section 321.50 relates to lien provisions. Section 321.493 relates to liability for damages. Neither of these exceptions is claimed here.

■■ I. The doctrine of gift is so well settled and fundamental that citation of authority hardly seems necessary. A gift inter vivos takes place by mutual consent of the giver, who divests himself of the thing taken in order to transmit the title to the donee gratuitously, and the donee who accepts and acquires legal title to it. It operates, if at all, during the donor's lifetime, immediately and irrevocably. It is a gift executed; and no further act of the parties and no contingency is needed to give it effect. Taylor v. Grimes, 223 Iowa 821, 273 N.W. 898; Woodward v. Woodward, 222 Iowa 145, 268 N.W. 540; In re Estate of Belgard, 202 Iowa 1356, 212 N.W. 116; Vosburg v. Mallory, 155 Iowa 165, 135 N.W. 577, Ann. Cas. 1914C 880.

■ In re Estate of Brown, 113 Iowa 351, 354, 85 N.W. 617, 618, says: "In order to constitute a gift, there must be an actual transfer by the donor of all right and dominion over the thing given." Tucker v. Tucker, 138 Iowa 344, 348, 116 N.W. 119, 120, states: "In other words, there is no gift until the intention of giving is fully consummated by the donor transferring all right to and dominion over the thing given to the donee,"

■ II. The question of whether a gift inter vivos of an automobile can be made without assignment of the title certificate is new to this court. In Hiple v. Skolmutch, 88 Ohio App. 529, 100 N.E.2d 642, an owner had attempted during his lifetime to give a car to his grandson. Under a Code section almost identical with our Code section 321.45(2) the court held that without a title certificate the gift was not consummated.

Here the decedent could have transferred his right to and dominion over the two automobiles only by an assignment of the title certificates. The evidence is undisputed that no such assignment was made. If he had assigned the certificates to a third person at anytime before his death, defendant would have been without recourse. We hold that under the provisions of Code section 321.45(2) a gift of the automobiles to defendant could not be made without an assignment of the title certificates.

■ III. Defendant argues the court erred in sustaining plaintiff's motion because no demand for or right to possession is established. Her position is untenable. The real issue under the pleadings and evidence is the ownership of the two vehicles. She makes no claim to right of possession other than as ownership would entitle her thereto. Where both parties to a replevin action claim to own the property the right of possession depends on the fact of ownership. McCoy v. Treichler, 90 Iowa 1, 57 N.W. 631. The fact of ownership draws with it the right of possession. If nothing further appears, the law raises the presumption the owner is entitled to the possession of it. Cassel v. Western Stage Co., 12 Iowa 47; Banks v. Lohmeier, 188 Iowa 722, 176 N.W. 789.

■ We have frequently said proof of demand for possession will be required only where it is necessary to terminate defendant's right of possession or confer on plaintiff that right. To require such proof in any other case would impose on one party a vain and useless formality which the law will not exact. Smith v. McLean, 24 Iowa 322, 326; Brandenburg v. Carmichael, 192 Iowa 694, 704, 185 N.W. 486, 490; Hart v. Wood, 202 Iowa 58, 63, 209 N.W. 430, 432.

■ IV. Defendant contends plaintiff's failure to explain his voluntary delivery of the certificates of title to defendant

constitutes a fatal omission in the replevin action. We do not agree. She claims the right of possession by reason of a gift from decedent. The executor had no right to give away estate assets. In 33 C. J. S., Executors and Administrators, section 188, page 1168, it is stated: "The executor or administrator has no right to give away any assets of the estate even though of trifling value, nor will the law give effect to such transfer."

We hold defendant's assignments of error are without merit. —Affirmed.

All JUSTICES concur.