Ernest TRIPLETT, Plaintiff,

v.

Dr. Azizollih AZORDEGAN et al., Defendants.

No. C 75–4008.

United States District Court, N. D. Iowa, W. D.

Oct. 28, 1976.

John M. Thompson, Robert D. Bartels, Prisoner Assistance Clinic, Preston M. Penney, Johnston, Penney & Bray, Iowa City, Iowa, for plaintiff.

Addison M. Parker, Dwight W. James, Richard A. Malm, Des Moines, Iowa, for Dr. Azizollih Azordegan.

James L. Abshier, City Atty., and Frank J. Margolin, Sioux City, Iowa, for William Dennison & Russell White.

Richard Turner, Atty. Gen., Stephen C. Robinson, Fred M. Haskins, Asst. Attys. Gen., Des Moines, Iowa, for defendant William Sanguin.

John W. Gleysteen, Marvin F. Heidman, Sioux City, Iowa, for Robt. E. Beebe & Wm. S. Sturges.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendants' resisted motion to reconsider filed September 2, 1976.[1]

This action alleging deprivation of civil rights under 42 U.S.C. § 1983 was commenced by plaintiff on September 11, 1974 against seven defendants, each of whom was sued in an individual and an official capacity. At the time of commencement only one defendant was then employed by the state. The office of the Iowa Attorney General has appeared on his behalf.

On August 30, 1976, plaintiff moved the court for an order approving withdrawal of counsel and assignment of substitute counsel. The court so ordered.

On September 2, 1976, defendant moved the court to reconsider its order approving withdrawal and assignment of substitute counsel, citing conflict of interest in violation of Iowa Code § 68B.6 (1975) on the part of substitute counsel. Plaintiff has resisted defendants' motion, joined by the University of Iowa, the University of Iowa College of Law, and the Iowa Student Bar Association as amici curiae.

Plaintiff asserts a number of grounds in support of his resistance. In summary, plaintiff contends that Section 68B.6[2] of the Iowa Code is inapplicable, both in a legal and a factual sense, and furthermore, that if 68B.6 is applicable none of the defendants have standing to raise it.

Plaintiff's contentions are generally well-founded, and accordingly, defendants' motion to reconsider must be denied.

The underlying rationale of this decision is two-pronged: Iowa Code Section 68B.6 cannot control the conduct in question here to the extent that it impinges on the federal court's power to structure its own practice and procedure; and, assuming *arguendo* that Section 68B.6 is applicable to federal courts generally, it cannot be applied in the factual context presented here.

It is important to note that defendants[3] seek to use this statute to prevent the substitution of two University of Iowa law professors, Robert Bartels and John Thompson, who are otherwise members in good standing of the bars of Iowa and this district. This statute is not the basis of an independent civil or criminal action against Bartels or Thompson. It is not the basis of a separate disciplinary proceeding for unethical conduct justifying disbarment. It is not even a provision which is intimately bound up with the substantive right at issue in this action. *See Byrd v. Blue Ridge R.E.C.,* 356 U.S. 525, 78 S.Ct. 892, 2 L.Ed.2d

1. The issues raised by defendants' motion were originally posited in the form of a resistance to plaintiff's motion to withdraw as counsel and for assignment of substitute counsel filed September 2, 1976. However, the court had already granted plaintiff's motion for withdrawal and substitution of counsel in an order dated August 30, 1976. Therefore, in light of important substantive questions presented, the court recast defendants' motion as a motion to reconsider. All subsequent references are to this designation.

2. Section 68B.6 of the Iowa Code states: "No official, employee, or legislative employee shall receive, directly or indirectly, or enter into any agreement, express or implied, for any compensation, in whatever form, for the appearance or rendition of services by himself or another against the interest of the state in relation to any case, proceeding, application, or other matter before any state agency, any court of the state of Iowa, any federal court, or any federal bureau, agency, commission or department."

3. Although the State of Iowa is not a nominal defendant, the Iowa Attorney General's office has acted to defend on behalf of defendant Sanguin. Therefore, any reference to defendants is directed to the Attorney General's office as well.

953 (1958); *Szantay v. Beech Aircraft Corp.*, 349 F.2d 60, 63 (4th Cir. 1965).

Within the context of this action, therefore, Iowa Code § 68B.6 assumes the attributes of a "procedural" provision within the meaning of *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny.[4]

Indeed, since the underlying substantive right asserted is guaranteed by federal law under 42 U.S.C. § 1983, *Erie* is arguably inapplicable, and Iowa Code § 68B.6 is immaterial as far as the instant action is concerned. *See Levinson v. Deupree*, 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319 (1953); *Board of Commissioners v. United States*, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939).

■ However, the court is mindful of the solicitude that federal courts must show for state interests even in the setting of an assertion of a federal claim. The general rule is that state interests should be overridden by the federal courts only where clear and substantial interests of the National Government, which cannot be served consistently with respect for such state interests, will suffer major damage if the state law is applied. *United States v. Yazell*, 382 U.S. 341, 352, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966). Telling federal interests may be discernible from the federal legislation giving rise to the claim, from considerations involving executive administration of the federal law, or from the character of the federal judicial system. *U. S. Industries, Inc. v. Gregg*, D.C., 58 F.R.D. 469, 477 (1973).

■ Here the federal judiciary's obligation to structure and control the practice and procedure of the participants before it is integral to the character of the judicial system itself. Title 28 U.S.C. § 2071 is

4. *E. g. Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Byrd v. Blue Ridge R.E.C.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

5. 28 U.S.C. § 2071 states:

explicit recognition of that obligation.[5] Pursuant to that obligation this district has promulgated rules governing practice and procedure before the court. Rule 5 of the Local Rules of Procedure states that attorneys who are duly admitted and licensed to practice before the Supreme Court of Iowa and who reside in and maintain an office within the State of Iowa, may be admitted to the bar of the court with all attendant rights and responsibilities. The purported application of a state law limiting or circumscribing the ability of the federal court to determine who may represent clients in cases before it must fail. *See Cord v. Smith*, 338 F.2d 516, 524 (9th Cir. 1964); *cf. E. F. Hutton v. Brown*, D.C., 305 F.Supp. 371, 377 n. 7 (1969).

■ Moreover, this court cannot substitute its judgment for that of a litigant in his or her choice of counsel except to prevent unethical conduct. *Sanders v. Russell*, 401 F.2d 241, 246 (5th Cir. 1968). The employment status of substitute counsel for the plaintiff, and their presence on this case, does not present a problem of questionable ethics or genuine impropriety requiring their dismissal.

Furthermore, assuming *arguendo* that Iowa Code § 68B.6 may be applied to disqualify otherwise qualified members of the bar of this court from representing clients in actions deemed against the "interests of the state," application of that provision to the specific situation here would represent an inappropriate extension of the law.

First, Iowa Code § 68B.6 requires that the proscribed services by State of Iowa employees be rendered for "compensation." Compensation is defined as: "money, thing[s] of value, or financial benefit conferred in return for services rendered or to be rendered."[6]

The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court.

6. Iowa Code § 68B.2(1) (1975).

By filed affidavit, plaintiff's counsel have disavowed any claim for fees, with plaintiff reimbursing only actual expenses.

This action by plaintiff's counsel has not resolved the issue, however, according to defendant, because of the assertedly expansive usage of the term "compensation." Defendants contend that "compensation" should be defined broadly to encompass the salaries paid to Bartels and Thompson as law professors within the proscriptive ambience of § 68B.6.

 Defendants' crabbed interpretation of the compensation necessary to activate § 68B.6 is not persuasive. The general rule of statutory interpretation in Iowa is that a statute must be construed in such a fashion that no part of it is rendered superfluous, and it will not be presumed that a statute contains useless or meaningless words. *Iowa Civil Rights Comm'n v. Massey-Ferguson, Inc.*, 207 N.W.2d 5, 7 (Iowa 1973); *Mallory v. Paradise*, 173 N.W.2d 264, 266–67 (Iowa 1969). Yet the court would violate this tenet of statutory construction if defendants' wide-ranging definition of compensation were accepted. "Employee" within the meaning of § 68B.6 is defined as "any full time, *salaried* employee of the state of Iowa . . . ." [7] Thus to argue, as defendants have done, that "compensation" within the meaning of § 68B.6 includes salary is to argue for surplusage.

Furthermore, defendants' argument is hamstrung by the explicit definition of "compensation" set out in § 68B.2(1)—the compensation must be conferred *in return for* the rendition of services against the interest of the state. In light of this further clarification defendants' assertions that Bartels' and Thompson's salaries meet the definition of "compensation" are inappropriate.

Within this definitional construct it is clear that the state of Iowa is paying their salaries *in return for* legal instruction in a clinical setting, not in return for representing parties with claims deemed against the interests of the state. Though some part of Bartels' and Thompson's salaries are *in actuality* going toward the instant action, in no sense could it be considered in return for representation against the interest of the state within the meaning of § 68B.2(1) and § 68B.6.

 In keeping with the adjuration that the intent of the Iowa legislature must be "gleaned from the statute read as a whole, and not from any one section or portion thereof taken piecemeal," *Durant-Wilton Motors, Inc. v. Tiffin Fire Ass'n*, 164 N.W.2d 829, 831 (Iowa 1969); *accord Mallory v. Paradise*, 173 N.W.2d 264, 266 (Iowa 1969), it seems apparent to this court that outside compensation and not official salary was the intended target of § 68B.6.

This opinion is buttressed by what the court, concurring with plaintiff, considers absurd results when defendants' proposed interpretation of § 68B.6 is carried to its logical extreme in other contexts. Since § 68B.6 applies to mere appearance in any case deemed against the interest of the state, no state employee could testify as a witness in such a proceeding whether criminal or civil. If "compensation" included state salary, Iowa Code § 223.4 providing for psychiatric examinations as part of pretrial procedure at the Iowa Security Medical Facility would be undercut since arguably no state-employed psychiatrist at that facility could testify in favor of the examined person.

In short, to adopt defendants' interpretation of "compensation" within the meaning of Iowa Code § 68B.6 would require the court to abandon its obligation of ratiocination with respect to the whole statutory scheme rather than just a portion. This it will not do.

Plaintiff asserts a number of other grounds in opposition to defendants' motion to reconsider, including defendants' lack of standing to seek disqualification of plaintiff's attorneys, the invalidity of § 68B.6 as an attempt to regulate the practice of law in violation of Article III § 1 of the Iowa Constitution, and finally, error in defend-

---

7. Iowa Code § 68B.2(5) (1975).

ants' assertion that Bartels' and Thompson's services are against the "interest of the state." In light of the disposition of the issues heretofore examined, these final contentions need not be resolved.

However, the court does take note of a final consideration advanced by the Attorney General's office in support of defendants' motion to reconsider. Plaintiff asserts that representation by Bartels and Thompson cannot be regarded against the "interest of the state" because the state of Iowa is not a nominal party and has no duty to indemnify defendant. Furthermore, plaintiff asserts the substitution of counsel should not be considered against the interests of the state because it is pursuant to a legal education program approved by the University of Iowa and the State Board of Regents. The Attorney General's office responds *inter alia* that it is not representing defendants pursuant to the Iowa indemnification statute but pursuant to Iowa Code § 13.2(2) (1975) granting the Attorney General the right to defend in any action when he deems the interest of the state is at stake.

In this framework of internecine squabbling, it is important to examine what might be considered an important "interest of the state"—the prompt and just disposition of the underlying cause of action. Plaintiff has alleged that an involuntary confession to a murder was coerced from him by the improper administration of LSD and other mind-altering drugs by the defendants. As a result of this "confession," plaintiff was incarcerated for over seventeen years until set free by the Plymouth County District Court in 1972 on the grounds that the confession was involuntary. This resultant civil action, filed over two years ago, has still not come to fruition.

It appears to this court that the interest of the state might very well encompass the substitution of Professors Bartels and Thompson to better secure a complete determination of the rather serious matters at issue and to ensure that justice is done. Swift and complete justice is ordinarily assumed to be a paramount "interest of the

state." The definition advanced by the office of the Attorney General, if motivated by monetary considerations alone, is an illiberal interpretation and might very well miss the mark in a substantial way.

It is therefore

ORDERED

Motion to reconsider denied.